# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Thomas B. Summerell,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Clemson University,  )<br>  )<br>   Defendants.  )<br>  ) | Civil Action No. 8:22-cv-913-TMC<br><br>**ORDER** |

Plaintiff Thomas B. Summerell commenced this action on February 15, 2022, against Defendant Clemson University in state court, asserting claims for violations of the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. (ECF No. 1-1).[1]  Clemson removed the case to federal court, (ECF No. 1), and, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.  Clemson filed a motion for judgment on the pleadings. (ECF No. 17).  Summerell then submitted a response in opposition, (ECF No. 19), and Clemson filed a reply (ECF No. 20).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), concluding that this action is time-barred and recommending that the court grant Clemson's motion. (ECF No. 25 at 6–7).  Summerell submitted objections to the Report, (ECF No. 27), and Clemson filed a reply in support of the Report, (ECF No. 28).  The matter is ripe for disposition by the court.  The briefs and written materials before the court adequately address the issues; accordingly, no hearing is necessary for the court to issue a ruling.

---

[1] The court notes that in April 2020, Summerell filed an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, based on the same factual basis asserted in this action. *See Summerell v. Clemson Univ.*, No. 8:20-cv-01586-TMC (D.S.C.).  On April 5, 2022, the undersigned entered summary judgment in favor of Clemson University. *Id*., dkt. entry 55.  Summerell did not appeal.

**Background and Report**

The complaint alleges as follows:

> Plaintiff was hired by Defendant in 2016. Prior to his employment, Plaintiff suffered severe facial trauma and other permanent injuries and was diagnosed with chronic severe pain, depression and anxiety along with other chronic medical conditions. Plaintiff notified his employer (Clemson) of his chronic pain and other physical/emotional impairments early in his tenure. Plaintiff was prescribed pain medication prior to and throughout his tenure with Defendant in order to assist him (Plaintiff) to function in daily life. . . .
>
> In or about late January 2019, Plaintiff's supervisor took Plaintiff to Human Resources and alleged that Plaintiff had been acting: not alert, inattentive, had slurred speech and cracked lips. . . [and] assumed that Plaintiff was taking illicit drugs. . . .
>
> Defendant suspended Plaintiff without pay and Defendant prepared a fitness for duty form and discussed with Plaintiff that he should seek out his most recent physician to review and sign the form. . .
>
> Plaintiff's recent physician . . . could not respond to the psychological assertions as this was out of his expertise. Plaintiff was sent to other physicians and such providers were unable or unwilling to complete the form . . .
>
> Plaintiff was unable to obtain a new pain management physician in the time allotted by Employer and, although he was no longer on pain medication, Plaintiff was terminated allegedly for safety concerns related to the use of prescription pain medication in or about July of 2019.

(ECF No. 1-1 at 3–4).

The parties agree that the Rehabilitation Act does not contain its own statute of limitations, which necessitates that the court borrow the most analogous state law statute of limitations. (ECF Nos. 17-1 at 5; 19 at 2). Clemson believes this is the one-year statute of limitations contained in the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10, *et seq*. (the "SCHAL"). (ECF No. 17-1 at 6–7). Summerell, on the other hand, believes South Carolina's three-year general statute of limitations applies to Plaintiff's Rehabilitation Act claims. (ECF No. 19 at 3–6).

The magistrate judge concluded, "[u]pon review of the relevant case law, . . . that the SCHAL provides substantially the same rights and remedies as the Rehabilitation Act with respect to employment discrimination claims and is therefore the most analogous state statute in this case" and, therefore, that the SCHAL's one-year statute of limitations applies. (ECF No. 25 at 6). The magistrate judge then found "the last purported discriminatory action was [Summerell's] termination in July 2019," and that, "because [Summerell] did not file this action until February 2022, well over one year after he was terminated, it is barred by the one-year statute of limitations." *Id*.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").

3

Furthermore, "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc*., No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

## Discussion

In his objections, Summerell contends that the magistrate judge did not fully consider a 2017 decision of the Fourth Circuit Court of Appeals. (ECF No. 27 at 2). Specifically, Summerell contends that following *Semenova v. Maryland Transit Administration*, 845 F.3d 564, 566 (4th Cir. 2017), district courts must "look more closely at the rights and remedies provisions in the state statute" to determine if the "analogous state law . . . provide[s] the same or similar rights and remedies as the federal cause of action." (ECF No. 27 at 3). Summerell suggests, without elaboration, that "[a] review of rights and remedies for employment discrimination under the SCHAL demonstrate that they vary significantly from the rights and remedies of the Rehabilitation Act." *Id*. at 4.

The court disagrees. The magistrate judge carefully considered and discussed *Semenova* in the Report. (ECF No. 25 at 4–7). In asserting claims under the Rehabilitation Act, Summerell alleges employment discrimination based on disability and in retaliation for filing an employment discrimination charge, (ECF No. 1-1 at 3–5), and seeks backpay, reinstatement of his employment with benefits as well as compensatory and punitive damages, *id*. at 5–6. As the magistrate judge recognized, the SCHAL prohibits disability discrimination *in employment*. (ECF No. 25 at 5); *see* S.C. Code Ann. § 1-13-80(A)(1), (D)(2), and (F) (making it "an unlawful employment practice"

4

to "discharge from employment, or otherwise discriminate against an individual . . . because of the individual's . . . disability" or to "fail or [sic] make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" or to "discriminate against an employee . . . because the individual has opposed a practice made an unlawful employment practice by this chapter or because the individual has made a charge, testified, assisted, or participated in an investigation . . . under this chapter."). Accordingly, the magistrate judge concluded that "the SCHAL provides substantially the same rights and remedies as the Rehabilitation Act with respect to employment discrimination claims and is therefore the most analogous state statute in this case," and, as a result, that "the SCHAL's one-year statute of limitations applies." (ECF No. 25 at 6).

Summerell urges the court to follow *Estate of Valentine v. South Carolina*, No. 3:18-cv-00895-JFA, 2019 WL 8324709 (D.S.C. Aug. 6, 2019) and *Gresham v. Arclabs, LLC*, No. 9:19-cv-1237-RMG, 2019 WL 3020931 (D.S.C. July 10, 2019), which, according to Summerell, determined, in light of *Semenova*, "that the rights and remedies of the Disability provisions within the SCHAL did not provide the same rights and remedies as the ADA or the Rehabilitation Act." (ECF No. 27 at 4). As noted by the magistrate judge, however, *Estate of Valentine* and *Gresham* "applied South Carolina's three-year statute of limitations—instead of the SCHAL's one-year statute of limitations—to Rehabilitation Act claims arising *outside* of the employment context." *Id*. at 4 (emphasis in original). By contrast, the magistrate judge explained that courts in the District of South Carolina have applied the SCHAL's one-year limitations period for such claims *within the employment context*:

> [E]ven after *Semenova*, courts in this district have continued to apply the SCHAL's one-year statute of limitations to Rehabilitation Act claims *arising from an employment relationship*. *McLeod v. Univ. of S.C.*, No. 3:21-202-SAL-PJG, 2021 WL 2827771, at *2 (D.S.C. Apr. 21, 2021)

5

> ("Because the [SCHAL] provides substantially the same rights and remedies as the Rehabilitation Act with respect to employment discrimination, it is the most analogous here."), *Report and Recommendation adopted by* 2021 WL 2827368 (D.S.C. July 7, 2021); [*Woods v. S.C. Dep't of Health & Human Servs*., No. 3:18-834-MGL, 2020 WL 614076, at *3 (D.S.C. Feb. 10, 2020)] (applying the SCHAL one-year statute of limitations to the plaintiff's Rehabilitation Act claim against her former employer), *aff'd*, 811 F. App'x 199 (4th Cir. 2020).

(ECF No. 25 at 5–6) (emphasis added).  The court agrees with the magistrate judge and, therefore, overrules Summerell's objections.

## Conclusion

For the reasons set forth above, the court agrees with the Report (ECF No. 25) and ADOPTS the recommendation of the magistrate judge set forth therein.  Accordingly, the court **GRANTS** Clemson's motion for judgment on the pleadings (ECF No. 17).

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

October 4, 2023
Anderson, South Carolina